**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| NOBELBIZ, INC.<br><br>     Plaintiff,<br><br>v.<br><br>T C N, INC.,<br><br>     Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, NobelBiz, Inc. ("NobelBiz"), by and through its counsel, Capshaw DeRieux,

L.L.P. and Gibbons P.C., as for its Complaint against Defendant, T C N, Inc. (hereafter referred

to as "Defendant"), states as follows:

### THE PARTIES

1.      Plaintiff NobelBiz is a privately held company incorporated under the laws of the

State of Delaware, and having its principal place of business at 5973 Avenida Encinas, Suite 202,

Carlsbad, California 92008.  NobelBiz is a provider of telecommunications solutions to call

centers worldwide.

2.      Upon information and belief, Defendant is a corporation organized and existing

under the laws of the State of Utah, and having its principal place of business at 560 South

Valley View Drive, Suite 3, St. George, Utah 84770.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code § 1, *et seq*.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because of its continuous and

systematic business contacts with the state of Texas.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and (c),

and/or 28 U.S.C. § 1400(b).

### NOBELBIZ'S PATENT

7.      On March 13, 2012, the USPTO issued United States Patent No. 8,135,122 ("the

'122 patent"), entitled "SYSTEM AND METHOD FOR MODIFYING COMMUNICATION

INFORMATION (MCI)."  A copy of the '122 patent is attached hereto as Exhibit A.

8.      NobelBiz is the assignee of the '122 patent.

9.      By way of a general description, the '122 patent discloses a system for processing

a telephone call from a call originator (also referred to as a calling party) to a call target (also

referred to as a receiving party), where the system accesses a database storing outgoing

telephone numbers, selects a replacement telephone number from the outgoing telephone

numbers based on the telephone number of the call target, and originates an outbound call to the

call target with a modified outgoing caller identification ("caller ID").  *See, e.g.*, the '122 patent,

Abstract.

10.      In practice, the invention of the '122 patent allows a calling party in one

geographical location to originate a call to a receiving party in another geographical location, and

for the caller identification ("caller ID") or calling party number ("CPN") ("caller ID" and

"CPN" collectively hereafter, "caller ID") of that call to appear to the receiving party as a

telephone number from the receiving party's local geographical region (e.g., area code) instead

of the calling party's actual telephone number that would have a caller ID from the calling party's geographical region.

11.     NobelBiz has embodied features of the '122 patent in its LocalTouch™ service.

12.     LocalTouch™ is designed to enhance the effectiveness of outbound teleservice call centers and for example, collection agencies, by increasing contact rates between calling parties and receiving parties.

13.     For example, by implementing the novel process of the '122 patent, LocalTouch™ has been shown to increase contact rates between calling parties and receiving parties by over thirty percent (30%).

14.     LocalTouch™ has been recognized by the industry as a pioneering service on multiple occasions.  For example, in 2008, LocalTouch™ received the prestigious Technovation Award from the American Teleservices Association "[f]or its unique approach to delivering calls to many locations through many levels of redundancy and for its ability to allow a customer to choose their telephony infrastructure."

## DEFENDANT'S INFRINGING SYSTEM

15.     Defendant is a provider of hosted, interactive voice communications, such as web-based dialing services.

16.     Upon information and belief, Defendant's services include a local caller ID management service (hereafter "Defendant's Service").

17.     Upon information and belief, Defendant's Service comprises a "Local Caller ID" feature which allows users to originate a call to a receiving party and to display a caller ID that is local to the receiving party's calling area (i.e., geographic region).

18.     Upon information and belief, Defendant's Service provides the user with a list or "bucket" of telephone numbers that are local to the call targets ("Local Call Number List"), or

the user can separately obtain such a list.  Defendant's Service, using the list or bucket, then matches the best local telephone number to the receiving party's calling area (i.e., geographic region).

19.     Upon information and belief, Defendant's Service matches a local caller ID from the Local Call Number List to the receiving party's phone number based on match criteria that ensure the best local telephone number is chosen for each receiving party.

20.     Upon information and belief, Defendant's Service practices each and every limitation of the claims of the '122 patent.

21.     Upon information and belief, Defendant is knowingly and willfully, directly and indirectly infringing the '122 patent by offering to sell and selling Defendant's Service in the United States, including within this judicial district.

## COUNT I – PATENT INFRINGEMENT OF THE '122 PATENT

22.     NobelBiz restates and incorporates by reference paragraphs 1 through 21 as if stated fully herein.

23.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant has, literally and under the doctrine of equivalents, infringed the '122 patent and still is, literally and under the doctrine of equivalents, infringing the '122 patent, by, among other things, making, using, offering for sale, and/or selling Defendant's Service and will continue to do so unless such infringing activities are enjoined by this Court.

24.     Prior to this lawsuit, Defendant had knowledge of NobelBiz's '122 patent.

25.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant  has actively induced others to infringe one or more claims of the '122 patent in this district and elsewhere in the United States.  Defendant knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third

party, e.g., Defendant's customers, by their use of Defendant's Service, and by soliciting end users to purchase and use Defendant's Service, in this district and elsewhere in the United States.

26.    NobelBiz will be substantially and irreparably harmed if Defendant's infringement of the '122 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law.

27.    NobelBiz is entitled to recover from the Defendant the damages sustained as a result of Defendant's infringing acts.

28.    Plaintiff demands trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiffs request that:

(a)    Judgment be entered that Defendant has infringed the '122 patent;

(b)    Judgment be entered that Defendant's infringement of the '122 patent was willful;

(c)    An accounting be had for the damages resulting from Defendant's infringement of the '122 patent, including, without limitation, lost profits caused by the infringing activities of Defendant, and that the damages so ascertained be trebled and awarded together with interest and costs;

(d)    Judgment be entered that this is an exceptional case, and that NobelBiz is entitled to its reasonable attorney fees pursuant to 35 U.S.C. § 285;

(e)    A permanent injunction be issued, restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of systems claimed in the '122 patent; and

       (f)      The Court award such other and further relief as the Court may deem just

and proper under the circumstances.

DATED:   April 3, 2012               By: /s/ S. Calvin Capshaw

                    S. Calvin Capshaw
                    Texas Bar No. 03783900
                    Elizabeth L. DeRieux
                    Texas Bar No. 05770585
                    D. Jeffrey Rambin
                    Texas Bar No. 00791478
                    **Capshaw DeRieux LLP**
                    114 E Commerce Avenue
                    Gladewater, TX 75647
                    Telephone: (903) 233-4816
                    Facsimile: (903) 236-8787
                    Email: ccapshaw@capshawlaw.com
                    Email: ederieux@capshawlaw.com
                    Email: jrambin@capshawlaw.com

                    Of Counsel:

                    Ralph A. Dengler
                    Charles H. Chevalier
                    William A. Hector
                    **GIBBONS, P.C.**
                    One Gateway Center
                    Newark, NJ 07102
                    Phone: (9735) 596-4825
                    Facsimile: (973) 639-6381
                    Email: rdengler@gibbonslaw.com
                    Email: cchevalier@gibbonslaw.com
                    Email: whector@gibbonslaw.com

                    *Attorneys for Plaintiff*
                    *NobelBiz, Inc.*